(No. 3165—

Leon Shibovitch, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed November 12, 1940.*

Chas. P. Kane, for claimant.

John E. Cassidy, Attorney General; Glenn A. Trevor, Assistant Attorney General, for respondent.

Mr. Justice Yantis delivered the opinion of the court:

Plaintiff's application for an award was filed Pro Se on December 16, 1937, alleging that during the month of *January, 1934* he was employed at the Illinois Soldiers' and Sailors' Children's School, Normal, Illinois as a laborer moving coal by means of a push cart; that the handle of such push cart was metal, and that during the severely cold weather he found that grasping the cold metal hindered circulation through the small finger of his left hand; that he was finally unable to grip and hold the metal handles because of such poor circulation caused by the cold bar during the severely cold weather. The application further recites that he reported to the Managing Officer of the School and was advised to visit the Illinois Research and Educational Hospital at Chicago; that he visited same December 8, 1936, and that an incision was made extending from the wrist to the little finger of the left hand, requiring fourteen stitches. Further, that he was dismissed from the Hospital January 4, 1937 and immediately returned to work where he was still employed at the time he filed his application, i. e. December 16, 1937.

Petitioner prayed an award of $4.59 expense for railroad fare and $75.00 for partial loss of use of the little finger of the left hand.

On January 3, 1940 claimant, having apparently employed Counsel, the latter filed a motion to increase the Ad Damnum to $150.00, to conform to the purported proof in the record.

As above stated, the Complaint shows that Plaintiff's difficulty arose during the month of *January, 1934*, but in his testimony Plaintiff states that his trouble arose on or about *December 7, 1936*. From such evidence it appears that the latter date was extremely cold; that Plaintiff was working that night pushing his coal cart about seventy-five to eighty feet from the coal-bins to the power house; that the temperature was below zero. Plaintiff testified, "I got cold in my hands and my little finger on the left hand got kind of stiff." In answer to a direct question, "How did it happen?" he replied "Well I couldn't tell you—it did not become stiff all at once, but I felt that something was wrong with it while I was shoveling coal into the cart. —I told the engineer— 'See my finger got stiff'. I met Mr. Russell my Manager and said, 'See Mr. Russell my finger got stiff this cold weather.' "

At the suggestion of the Managing Officer claimant went to Chicago to the Illinois Research Hospital. An incision was made about a half an inch from the tip of the little finger down the side of the finger and palm of the hand, following the muscle of the little finger. Fourteen stitches were used to close the wound and Plaintiff was laid off from work two months without pay. His salary was Fifty-six ($56.00) Dollars (Tr. p. 17) per month at the time, and in addition thereto, board, room and laundry service on the basis of Twenty-four ($24.00) Dollars per month. Plaintiff testified that at the time he went to the hospital the little finger was drawn down at right angles to the palm of the hand; that after the operation it was not straight but that he could bend it back within approximately half an inch of being on a straight line with the other fingers.

Plaintiff testified that he made three trips to Chicago in connection with his operation, each at a cost of $4.59 for railroad fare, which he himself paid.

Plaintiff further testified that he has not been compensated for the two months time lost or reimbursed for money expended. He states that his application or claim was prepared for him in the office of Mr. Russell, the Managing Officer of the Institution, and that a Mr. Bentley who was employed in the Department of Public Welfare and who was present at Mr. Russell's office, consented to file a claim for Plaintiff at Springfield. Claimant stated that he delivered the claim to Mr. Bentley on November 26, 1937. The claim was not filed with the Court of Claims until December 16, 1937, and Plaintiff testified he did not know there had been any delay on the part of Mr. Bentley; that he wrote to Mr. Bentley and the latter reported he had forgotten to file it. Plaintiff further testified that the only trouble with his hand now is the disfigurement, and that he can use the hand as well as before the operation was had. Plaintiff further testified that he first talked to his Managing Officer, Mr. Russell, about making application for an award about four months prior to the day Mr. Bentley was at the Institution, i. e. November 26, 1937.

Mr. G. M. Wells who was employed as an Engineer at the Plant, testified that on the night of December 7, 1936 claimant was employed at the Plant as a coal passer, and that a little before midnight claimant showed witness the little finger on his left hand; that it was drawn down about half closed, and would apparently not straighten out; that the other fingers were all right, and that there was no crack, cut or bruise on the little finger but just wouldn't straighten out. This witness further testified that he looked at claimant's finger a few nights later, and that the finger continued to draw down or close more all the time, and claimant stated he was going to see a Doctor about it. Witness did not make any report in regard to the matter and testified that claimant never talked to him concerning the injury thereafter until on September 27, 1939 when he was called as a witness.

Mr. Wells further testified that claimant was wearing gloves on the night in question, and from time to time, between wheeling loads of coal, would go into the Power House and wheel ashes, Plaintiff being permitted to go into the Power House at any time to get warm.

Cousel for Plaintiff in his Brief and Argument makes no contention for compensation for disfigurement, but claims actual damages for loss of wages and expenses amounting to

a total of One Hundred Seventy-three and 77/100 ($173.77) Dollars.

The Attorney General contends that the court has no jurisdiction to make an award under the terms of the Workmen's Compensation Act, for the reason that the injury complained of is alleged to have occurred on December 7, 1936, and the claim was not filed with this court until December 16, 1937, i. e. more than one year after the alleged injury complained of. Claimant contends that he entrusted his claim to a fellow-employee of the Department of Public Welfare, i. e. Mr. Bentley; that it was the latter's negligence which caused the claim not to be filed within the limitation of one year, and that the Doctrine Estoppel in Pais should apply to the State, inasmuch as the delay and omission was an act of an employee of respondent.

When claimant notified his superior officer Mr. Russell of his intention to seek redress from the State, he was complying with the requirements of the Compensation Act in giving notice to his employer of such intention, but when he advised with Mr. Bentley as to his legal rights, and selected him as his emissary to help draft and file his claim in the Court of Claims, he made Mr. Bentley his own agent for such purpose, and whatever Mr. Bentley did or failed to do in filing plaintiff's claim was done by him not as an officer or employee of the State, but as agent for plaintiff. The date of the alleged injury is stated as December 7, 1936 (presuming the allegation in the complaint of January, 1934 to be an error), and the claim was not filed until December 16, 1937. The right to an award herein is claimed by virtue of the terms of the Workmen's Compensation Act. Under such Act the claim must be filed within one year from the date of accident, and this court has no legal right or authority to extend or broaden such limitation of time.

As the claim will be dismissed for lack of jurisdiction, no further consideration will be given the question as to whether the evidence would or would not support an award on the merits.